# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| GEORGE MILLER | CIVIL ACTION NO. 3:17-cv-0987 |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| CAPITAL ONE BANK, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff George Miller, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 3, 2017. Plaintiff is an inmate incarcerated at the Jackson Parish Correctional Center Phase II (JPCC) in Jonesboro, Louisiana. He sues Capital One Bank, Keith P and Nick. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that this complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted .

### *Statement of the Case*

Plaintiff has been incarcerated since October 14, 2015. According to his complaint, at the time he was detained he had $15,395.15 in an account at Capital One Bank. In May 2016, Capital One issued a new debit card to plaintiff. Apparently, the debit card was received by a member of plaintiff's family, who made withdrawals from the account without authority.

Plaintiff brings in the instant suit against Capital One Bank, Keith P, an investigator at Capital One who looked into the incident at plaintiff's request, and Capital One employee Nick.

## Law and Analysis

### A. Screening

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### B. State Actor

"In order to recover under § 1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State" which means proof (1) that the deprivation was caused

by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a state actor. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982)).

Plaintiff has named Capital One Bank and two of its employees as defendants; these defendants are not state actors. Further, plaintiff has alleged no facts to establish liability pursuant to § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). The deprivation must be intentional, as negligent conduct cannot serve as the basis for a § 1983 claim. See *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir.1986) (citing *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986); *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)). Plaintiff has neither alleged nor even implied the violation of a right secured by the Constitution of the United States, nor does he allege facts sufficient to visit liability pursuant to Section 1983 upon the defendants.

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provision of 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's

3

objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, September 28, 2017.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**